All rise. Illinois 24 Third Division is now in session. General Justice and the White House is presiding. Good morning. Please be seated. Madam Clerk, it's called the case 17-385 A&R Janitorial v. Pepper Construction Company. Party step up. And identify yourselves for the record. I'm Elliot Schiff. I'm the Plaintiff Intervenor. Julie Tisher on behalf of the Defendant Appellee Pepper Construction Company. Good morning to you both. I'm sorry. I'm Doug Kane on behalf of Plaintiff Appellee A&R Janitorial. Todd Rotman, ROTC and a man for parental assistance. Understood. Is it your intent to split some portion of the argument? Yes, Justice Cobbs. A&R and I are splitting the argument. I will take probably 13 or so minutes and reserve two for my colleague. Understood. And then... I've got it all to myself. You're all to yourself. And would you wish to reserve some time for rebuttal? I'm sorry. Would you wish to reserve some time for rebuttal? Yes. All right. I'll do five minutes. That's fine. So 10 and 5 and then 13 and 2. All right. Your Honor, just for the record, I've asked for Perez and Associates. I've yielded my time to the other two. Understood. I won't be saying anything unless asked. Unless asked. Right away. Unless asked. Very well. All right. Well, when you're ready, you may proceed. Thank you. Let me start off with some confession here. I agree that the Sankey brothers' decision, which was cited by Pepper Construction Company, has similarities factually to this. And I only take issue with the Sankey decision on two parts. The first part is that it said that the question of equitable of the res judicata issue is viewed under a basis of whether it was an abuse of discretion. And I don't think that's correct because the question of whether the equities lie in not enforcing the res judicata decision in the 2015 case is the same factual bet that exists before this Court. And it should be a de novo review. So I disagree with that small portion of the Sankey decision, which allows you to consider the underlying circumstances. And why that's important is really fairly obvious from what ended up happening. Here we sought to intervene on behalf of Teresa Molasco to an existing case that was filed timely by A&R Janitorial. And when we did seek to intervene, we met with objections that it was res judicata. Subsequently, as the Court has seen in documents that have been filed subsequent to this appeal being taken, what happened is A&R moved to amend their complaint and asked for those very damages that Teresa Molasco was asking for in the proposed amended complaint. Basically, their initial complaint was, we'd like to recover the money that we paid or will pay for workman's compensation benefits. Then they filed an amended complaint and said, no, we want to add for personal injuries, the pain and suffering, those elements that are beyond that. Pepper comes in and wants to dismiss that and said, Judge, that's res judicata. And the trial judge says, no, no, no, they can do that. So I come back in and I say, well, wait a second. So your point is that unlike Sankey, your client had a timely filed complaint for common law damages, which distinguishes it from Sankey, where there was only a lawsuit for indemnification by the insurer. Well, the timely filed lawsuit was A&R's timely filed lawsuit. And A&R and this pretty well agreed that a party can intervene in that kind of lawsuit. Teresa Molasco should have been entitled to intervene. And that decision, the Epples v. Krasny case, said, yes, you can intervene. You can intervene and you can take control. So when I came in and said, I want to take control, you now have this cause of action before the trial judge that says it should go forward to try. And money can be provided, the verdict can provide for recovery. For what? For her pain and suffering and for her loss of enjoyment of life and all those elements that are well beyond the subrogation claim. Despite Pepper's efforts to dismiss it, the court said no. I come in and I say, well, wait a second. The very lawyers that are representing this cause of action now, this amended complaint, and saying her injuries are terrible because that's their responsibility. They're going to take the position that her injuries are severe and permanent and significant. But they're the very same lawyers that are defending the Workman's Compensation case and with their position in the Workman's Compensation case, exactly the opposite. They're saying, oh, no, you can't, your injuries are not so terrible. Your injuries are de minimis. We're defending it. I said, well, you mentioned that you believed you could come in or you could come in on behalf of your client and take control. Is that because, well, you need to explain to me why you believe you can take control as an intervener. It's a good question because there's a conflict. There's a conflict of interest of the very lawyers that are going to prosecute now this amended complaint. They filed the amended complaint and they have said in the amended complaint, we seek to recover not just our subrogation rights, but those rights beyond the subrogation rights for her personal injuries. But how is that law firm that's going to prosecute that case going to do so when that same law firm is defending the case that she brought before the Industrial Commission where they are saying her injuries are not significant. They're on both sides of the issue. And when I point this out to the trial court and said, well, how can they say, that's a conflict of interest. Let me come in and represent her interests in the lawsuit. And the transcript of that proceeding, here's what the subrogation lawyer said. The A&R lawyer said, we don't represent her. Did the trial court make a finding as to the adequacy of the representation? No, no. There was nothing. The transcript bears out only that he didn't see that this was a conflict because he didn't think they were representing her. But then the next question is, does your client actually have an interest in that lawsuit? Well, and who's going to affect it? According to the trial judge, we do. According to the trial judge, there is the right to ask that jury. What ended up happening, by the way, as you now know, is that they settled that case. Okay. So what happened is, after Pepper moved to dismiss this complaint, this amended complaint, which sought those personal injuries, then what ended up happening, as the documents that have been filed by Pepper's counsel and which we agree need to be considered, they settled for $850,000. And I think the full record is important because the question then becomes, is res judicata appropriate under these circumstances to bar this recovery? If A&R could pursue the personal injury action, which is what the trial judge said, then why is it that I can't act as her counsel because I don't have a conflict? I am only for her. And my goal is to get as much as I can for her, including those elements that are allowed in a personal injury action that are not allowed in the subrogation case. And so where my problem lies is twofold then with the Sankey decision, which, as I said, Pepper's citation to it is well taken, but for these two things. You should review the res judicata issue de novo. And number two, there's a Justice Lund in the special concurring opinion said, because the intervener did not file within the two-year statute of limitations, he thought that should be an additional bar. That's inconsistent with the Eccles case, which says that it's perfectly appropriate. So the fact that it was filed, that it wasn't filed within two years of the injury, should not be the determinative factor. And number two, it should be a de novo review of whether res judicata is applicable here. And why is it that res judicata shouldn't be applied here? And the real easy answer to that is this case was consolidated for discovery purposes in the underlying case, as the record will reflect. It was a consolidated discovery. It wasn't like there was two cases going on or additional work would have to be done. It was the exact same case. Why my predecessor filed a case in 2015 separate and apart to the case that was already pending in 2014 timely is a mystery to me. Okay? I don't have an answer for that. It was what should have been happened. Well, is that fatal on res judicata grounds? Well, that's an issue that, of course, is one of the reasons why we're up here, is should that be. And all I said about res judicata is it's an equitable doctrine that the court can apply or not apply based upon the circumstances of whether it's completely unfair. But where's the unfairness here? If the trial court's going to allow A&R's attorneys to prosecute the case, why is it that I can't prosecute it? Because I don't have a conflict. I'm not trying to say, on one hand, urges are nothing or insignificant, and on the other say they're really significant. And so for that reason I say res judicata on a de novo review, not on an abuse of discretion, is where this court has to decide the matter. And when you look at it, considering the discovery was all consolidated, everything was going along with the same depositions. If you took the doctor's deposition, everybody got notice of it. If you took the witness's deposition, everybody attended it. So it wasn't like trying to piecemeal out two separate cause of action and get two different results. And that's why I view this as being one in which the court can take a look at that and say, well, should I apply res judicata in this circumstance? Okay. Thank you. Thank you, Mr. Jeff. Counsel? May it please the court. Julie Tischer on behalf of Pepper Construction Company. First I want to make sure I think the court knows from our briefing, Ms. Marosco's personal injury action that she filed in 2015 was not timely. It was not filed within the statute of limitations. Pepper defended and defeated that case based on the statute of limitations. That order in September of 2016 is an adjudication on the merits. Counsel wants to skate past the res judicata effect of that order. But this court knows better than that. That is an adjudication on the merits under Supreme Court Rule 273 and under the Illinois Supreme Court's decision in Rhine. There is no legitimate legal dispute about that fact. That order dismissing Ms. Marosco's complaint is an adjudication on the merits. The order we're here on appeal to discuss is the circuit court's order denying Ms. Marosco's petition to intervene. That order is subject to an abuse of discretion standard. The Illinois Supreme Court has said an abuse of discretion standard applies to an evaluation as to whether a petition to intervene can be filed. So we've got the dismissal order. Pepper defends and defeats her personal injury action. Ms. Marosco turns around and then tries to petition to intervene into the segregation lawsuit. We moved to dismiss or we objected to that petition to intervene on two bases, statute of limitations, because the petition was filed more than two years after the occurrence in question, and on the basis of res judicata. Now, the circuit court agreed with us on the res judicata basis. He never really addressed the statute of limitations basis, because he found that Pepper had fulfilled all three elements of res judicata. There had been an adjudication on the merits. The same cause of action was being asserted in the intervention as was asserted in her underlying action, and it involved the same parties. Well, now the parties are identical. The statute says that if a case is not filed within three months from the end of the period of limitations, then there's, in essence, a legal subrogation to the employer. Right. And the employer was not a party to the suit filed by Ms. Marosco. But the res judicata application was with respect to the parties that were in that first lawsuit. Ms. Marosco was suing Pepper and Perez. She then tried to petition to intervene, stating rights against Pepper and Perez. Well, she was intervening on the employer's case against your client, not her own case. Oh, no. She was seeking on her own behalf. Right. So doesn't the analysis under, don't we have, there's no provision in the workers' compensation statute. So we then have to resort to the codicil procedure. Is that how you view it? And then with respect to her petition to intervene? Yes. There's no statutory right under the Compensation Act for her to intervene. Well, then we have two questions. Does she have an interest in the lawsuit? And are her interests being adequately represented? But none of that addresses the res judicata issue. The res judicata issue trumps all of this because she has filed a lawsuit against defendants who appeared, participated in discovery, and defeated it. I agree with you. She can't maintain her own lawsuit. Right. But here we have a case where a subrogee is pursuing its rights as granted by statute. Right. And it's an unusual case. And unlike a normal case where a subrogee gets everything they recover, in this case, the subrogee can recover anything over and above what they paid out goes back to her. So, therefore, doesn't she have an interest in that case? She might have an interest in that case, but her interest no longer exists. Once that dismissal based on the statute of limitations occurs, she loses all rights. And what she's trying to do. What case says that? What she's trying to do. What case says that? The Sankey case says that? No, I disagree with you. Sankey is different. Didn't Sankey was simply a case where they filed only for indemnification? I read that case several times. No. I'm mistaken. In Sankey, they also filed for the employee's common law damages? Yes. The facts in Sankey are almost identical. The employee filed away a lawsuit. That's what I'm trying to get a clarification. In Sankey, did the employer in Sankey also file to recover the employee's common law damages? The employer in Sankey filed a subrogation action just like the subrogation action filed here. And the damages that the employer in the subrogation action is entitled to are defined by the Workers' Compensation Act. They can recover for the benefits paid, for the benefits they'll have to pay in the future. But don't the cases hold that the employer can also file and sue for the employee's damages as well? And that was exactly what was adjudicated in Sankey. The same thing that's occurred here. Well, I'll read that again. I thought when I read Sankey, I thought it was clearly limited that the employer here clearly filed for indemnification. The other thing I'll say on that, Justice House, is that this is an argument that's never been raised by plaintiff's counsel, by Ms. Marasko's counsel. Ms. Marasko's counsel has never dealt with it. Well, on petition to intervene, it's an abuse of discretion. But don't we need to resolve the race judicata issue? Yes. So is it ever the case that race judicata or review of race judicata is anything other than de novo? No. I agree with you. Whether or not to apply race judicata is a de novo issue. And I will say again, Ms. Marasko has never raised the issue that there was a different parties or different causes of action as between her personal injury action and her petition to intervene into the subrogation action. That argument has never been raised. And so I want to be clear about Ms. Marasko's personal injury action because, you know, that's the race judicata issue in a nutshell. So the parties in the underlying, Ms. Marasko's underlying personal injury claim involved Ms. Marasko and whom? In the PI action, it was Ms. Marasko against Perez and Pepper Construction Company. But not against A&R, her employer. Correct. Her employer was not a party. No, I know she can't. She can't. And A&R was not a party to that lawsuit. But if you look at Ms. Marasko's petition to intervene in the subrogation action, she was seeking her personal injury damages against the same defendants who had defeated and defended her personal injury claim. And that's where the race judicata lines up. If you look at her petition to intervene in her suggested amended complaint, she was requesting the damages that had already been disposed of in that personal injury suit that was filed against Pepper and Perez. So all three elements of race judicata were satisfied. And in addition to that, the circuit court's decision fulfills the policy considerations behind race judicata. If she hadn't filed that suit, would she be entitled to intervene? I would say no, because she didn't do it in a timely fashion. I think the Sankey decision stands for the proposition that if you're going to petition to intervene, you've got to do that within your statute of limitations period. Sankey says that. Sankey says that. He, Ms. Marasko, has provided you. Here's the difference. Here's the difference. In Sankey, wasn't, there was no, well, we have this dispute between you and I, whether or not there was a common law damage claim made in Sankey. I'll resolve that when we get back to the office. But here, clearly, there was a claim for her injuries. They allege negligence. They allege that Marasko was injured because of that negligence. And her argument is that, well, I got a timely file claim. Well, that's not her timely file claim. Well, so the subrogate is timely filed. So the subrogate who's filing, who has a legal bonanza action, timely filed. And can't she then say, well, I'm going to get any surplus, so I have an interest. But that's still completely disenfranchised. Sankey said, you know, Sankey said you have no interest, number one, because there was no timely filed common law damage claim. Right. And the same is true here. There was no timely filed personal injury damage claim. Well, what about the thing that, what about the case that her employer filed? The subrogation action was timely filed. And it also involved a claim for Marasko's injuries. At the time they filed the subrogation action, it was to recover the compensation. No, no, no. And I'm reminding the court, what we're here to do today is judge the circuit court's decision based on the facts and the law that it was presented with at the time it ruled on her petition to intervene. And what Ms. Marasko is asking you to do is take all of these subsequent events to question the circuit court's decision in that ruling. And if we're going to do that, then we have to take a look at the fact that the subrogation case has been settled. There is no subrogation action into which Ms. Marasko can now petition to intervene. It's moot. That case is over. Do you mean to suggest that even after the case is concluded that there is not a right to intervene? Yes. Isn't there case law that says the opposite of that, though? That even after the disposition that you may still seek to intervene? If intervention is permitted before a case is dismissed pursuant to settlement, then she would have that right. But intervention wasn't permitted here. And the case is subsequently settled and has been dismissed. There is no subrogation action pending. In addition to that, in that subrogation action, Pepper settles for $850,000 after the circuit court allowed A&R to amend its complaint to seek damages in excess of their compensation benefits paid. So Pepper has now paid A&R more than the compensation benefits paid to them. Why would Pepper pay that money if Marasko didn't have a claim? Well, because for a couple of reasons. Number one, that comp case is still open. A&R is continuing to pay comp benefits to Ms. Marasko. She's continuing to have treatment. Under the law, then, any excess still has to be paid to Marasko? It does, and we won't know that for perhaps a year or two to come until her treatment is concluded, until the compensation benefits are paid and the compensation case is closed. So now Pepper is in the position of defending and defeating her personal injury action, having an adjudication on the merits, and now Ms. Marasko tries to petition to intervene in the subrogation action to claim those same damages. Meanwhile, Pepper has paid A&R, the subrogee, damages in excess of the compensation benefits paid to date. Pepper is the one that's going to suffer the prejudice through no fault of its own. Ms. Marasko has a remedy here, and it's not a second bite at Pepper Construction Company. Her remedy is her legal malpractice claim, and she's filed a legal malpractice claim. That's her remedy. Her remedy is against her attorney who failed to timely file her personal injury lawsuit. That's what put Ms. Marasko in the dilemma she now finds herself. The attorney's failure to file that timely action resulted in a dismissal, which was an adjudication on the merits that prevented her from intervening in the subrogation action. That's her remedy. Her remedy is not to unfairly prejudice Pepper for doing exactly what it should have done every step of the way, defending and defeating her personal injury action, defending and defeating her petition to intervene on the basis of res judicata. Her remedy is against her first counsel, a remedy that her second counsel is pursuing. Now, if she sustains damages as the result of her failure to intervene, she has a remedy for that, and her remedy is her legal malpractice action. It is not a second bite at the apple against Pepper. Pepper has defended itself and defeated these claims, and I would again say the same parties were involved in that personal injury action as in Ms. Marasko's attempts to intervene in the subrogation action. She wasn't suing A&R. She was suing Pepper and Perez in her petition to intervene, seeking the same damages that she was barred from getting in her personal injury action. That's res judicata. But what about A&R's claim on her behalf for common law damages? Is that claim defeated by the case that Marasko filed, even though they were not a party? No. A&R can pursue its subrogation action, and it has successfully, and that case has been settled. As part of that subrogation action, they can also seek the common law damages of Marasko. They could have. They could have. Okay. The compensation action allows them to do that, allows them to pursue whatever damages they have paid to Ms. Marasko and whatever damages they may have to pay in the future. So what I'm asking you, you know, the standard is the provisional procedure on intervention, and I've yet to see any cases that say, you know, I take exception with your reading of Sankey, that says that you don't strictly follow. Matter of fact, the Sankey court did follow the code of civil procedure, and they found that she had no interest in that particular suit. Here we have a different fact situation. She doesn't have any interest in the subrogation suit. Her interest in the subrogation suit was killed the day the court dismissed her personal interaction. Why is she getting so much money, over $300,000? We don't know that she is. We don't know that she is. That money may all go to A&R. It depends on how much they pay in compensation. If there is an excess. Yes. There's no dispute that she'll get the excess. That's true. There is no dispute. So she has an interest. We don't know that. We don't know that. Well, she doesn't. Well, never have we wanted to be there. And I think if you're talking about the intervention statute, Justice House, the first sentence in the intervention statute is if it's timely filed. And we dispute that her petition to intervene was timely filed in its own right, even if you don't follow the res judicata basis, which I think you do under Sankey. And Sankey said that the employee's action there was barred. Her petition to intervene was barred under both the res judicata basis and the statute of limitations basis. In this case, did the trial court rule that the petition was not timely filed or there was another basis for it, Julie? In this case, the circuit court only relied on the res judicata basis. So the wrong standard was, well. No, not the wrong standard. Well. One of two bases was utilized by the circuit court. And you know this court can affirm on any basis supported by the record. With regard to the appellee, you can affirm on any basis supported by the record. The circuit court happened to rely on the res judicata basis. It didn't reject the statute of limitations basis. It didn't. He simply didn't address it. And our position is that we went on both bases. Pepper has defended and defeated Ms. Marosco's personal injury claim. It shouldn't have to defend and defeat it again a second time on the petition to intervene. Res judicata lines up here perfectly. Sankey lines up here perfectly. The facts in Sankey are unusually similar to the facts presented here. The reasoning in Sankey is very sound. If this court is going to fulfill the purpose behind res judicata, then it should affirm the circuit court's decision denying Ms. Marosco the right to intervene. And that's what we would ask the court to do. Thank you. You have three minutes. Good morning, Your Honors. Good morning. May it please the court. Doug Cain on behalf of A&R Janitorial, the plaintiff in this action. First of all, I want to address quickly a few issues raised by Marosco's counsel. He mentioned that there was an amended complaint filed, and that is correct. I did file, A&R filed an amended complaint after the conclusion of depositions in the case. That didn't have anything to do with amending the damages we're seeking. We redrafted the complaint. We made it clear that we were seeking the full measure of damages available to us under Section 5B, but that wasn't the purpose of the drafting. It was drafting it to, we actually modified the allegations of negligence against the parties. So that was the reason for the amended complaint. Nothing changed. The damages we sought were the same throughout the case. Counsel also mentioned the issue that he believes there is a conflict of interest. I don't see any case law to that effect or any authority cited by him. I think that's just his personal belief. In fact, Section 5B presumably disagrees with that. The legislature drafted that knowing full well that employers defend workers' compensation cases, and they're entitled to pursue those damages in circuit court with a separation action. So that's what we have here. There's simply no conflict of interest. In fact, we are paying her. So we're not claiming in the, A&R's not claiming that she's not injured because, in fact, we are paying her her compensation. When they challenged the adequacy of the representation, during the argument somewhere, either you or someone from A&R said, we don't represent her at all. We have no interest in representing her. I only have one client. How does that affect the adequacy of the representation argument? That is true. A&R and its counsel, myself included, never represented Maraschko. We represent A&R, and we are pursuing for the full measure of damages available under Section 5B. Section 5B requires us, after we satisfy the workers' compensation payments, the attorney's fees, and the costs, the excess is paid over to Maraschko. We don't represent Maraschko. And I think this is analogous to the situation, the reverse situation, the more common case when the employee files. They don't represent the employer, but they do have a duty to reimburse the employer's lien under Section 5B. This is just simply the reverse scenario here. So I don't believe there's any conflict here. The last issue I want to address is the control issue. This has been mentioned, but I believe these issues are moot because the underlying case has settled. So there's nothing for Maraschko to intervene in and certainly nothing for her to control because that case is done and over. Did you make provision in the settlement agreement just in case this would be a reverse? There is language to that effect, not through my drafting, but there is language to that effect. To quickly address the control issue, Maraschko cites a few decisions which they believe support their position. Actually, those decisions, the Legler, Peterson, and Shulker opinions, those actually support the position that the party that files maintains control. You wouldn't disagree or you would agree that the Code of Civil Procedure applies and controls the issue on intervention. Is that correct? Yes, I am aware of that. I believe the Code of Civil Procedure also provides for the manner in which or the degree to which an individual, given the right to intervene, may control the litigation. I believe the Code settles that issue, doesn't it? Section F, subpart F, says that the intervener may not control the lawsuit. You are correct, Your Honor. That's clear. And we cite the case law of Woodward and Mammock, which support that, in the fact that the action is actually transferred. She loses her rights. The action is transferred to the employer upon the employer's timely filing. That's what happened here. Her rights were transferred to A&R. A&R pursued the action and filed the same suit that she could have filed but chose not to. And she has a remedy now, and she is pursuing that remedy. And, Your Honor, you've mentioned the intervention statute as far as the control. So Murashiko has lost the right to file, lost the right to intervene, and lost the right to control in this matter. A&R has stepped into the shoes of Murashiko, and Murashiko cites no authority that would require us to return those shoes so that she can pursue the action. We would ask that the circuit court be affirmed and should, in some way, this matter, be reversed, that A&R maintain control. Thank you. Let me answer the question that you asked, Justice Ellis. At page 22 of Pepper's brief, they cite Eccles, E-C-H-A-L-E-S, v. Krasny, 12.0.2.530. The court allowed the employee to intervene in the subrogation action, even though the petition to intervene was filed after the expiration of the statute of limitations. So the question first that this court has to ask is, is statute of limitations, since it was filed or the petition to intervene was filed after the statute of limitations, does that bar the cause of action? That's the first thing to answer. That's what Justice Lund said in a special concurring opinion, but I take issue with Pepper's counsel that the opinion was based upon the statute of limitations, it was based strictly on res judicata. Secondly, Pepper's counsel is correct. The Sankey case is factually similar to the present matter before you. The guy who was injured named Osborne, he sued a company called MidRest. He didn't sue the correct named party, and that case got dismissed. So he refiled it, amended his complaint, and the correct defendant came in and moved to dismiss the lawsuit based on the statute of limitations, and that was granted and no appeal was taken. So he then sought to intervene in the existing case filed by the employer. So in that circumstance, the facts are identical to what we have here. The question of whether or not the res judicata should be applied is still not being addressed. We agree that it's a decision on the merits. There was a decision on the merits in the 2015 case, but not for equitable reasons it shouldn't be barring this cause of action. For the very unusual circumstance here, as counsel has just said for A&R, he said all along we were seeking money damages in excess of our subrogation claim. That being the case, when he, as I can see, read the fine print of this entire appeal, you're right, they came in when I said there's a conflict of interest. I'm not objecting to A&R. I'm objecting to the law firm that's representing A&R's interests in this case. And he said, I am not representing Morasco. So why is it that he could then settle the case for $850,000, and what part of that is Teresa Morasco's? Because if you notice, the settlement agreement provides for no compensation to Teresa Morasco, which goes to the point that they had a conflict, and they should have allowed me to intervene and protect her interests because that cause of action was already existing. Now, yes, I came in obviously late in the day in this case, as you could probably tell. And, yes, I did file a legal malpractice case because of the fact that the case was filed as a 2015-L case when there was a 2014 case pending. I try to be transparent here. I don't know why he did that. Okay? It puzzles me. Okay? It would have been much more logical for him to have just, really, the appropriate thing to do would be to come in and take, file the intervening petition. But what is your response to the statement that Ms. Morasco has a remedy? She has a legal malpractice case. There is relief available to her, so why allow her to intervene in this case? It's very hard for me to quarrel with that observation. Okay? Yes, she does, if this court affirms the trial court's decision by my petition to intervene. But it seemed to me that we should perfect and get some instruction here because the question was whether or not that was properly granted. And, of course, in every legal malpractice case there is proof of the underlying case. Right? And so one has to say, well, wait a minute, did the trial court get it right or did they get it wrong? And if they got it wrong, that would mean that the legal malpractice case would not go forward. So that's before the court. That's my transparent statement. Thank you, counsel. The case is well argued. The issues are certainly some of great import and interest. The matter is taken under advisement. Disposition will be rendered in due course.